UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES A. KETAI,

        Plaintiff(s),             Case No. 2:21-cv-10448
                                       District Judge Stephen J. Murphy, III
v.                                   Magistrate Judge Anthony P. Patti

JAGUAR LAND ROVER NORTH
AMERICA, LLC,
SUBURBAN OF TROY, LLC, and
ROVER MOTORS OF FARMINGTON
HILLS, LLC,

        Defendant(s).
_____/

**ORDER DENYING IN PART DEFENDANT JAGUAR LAND ROVER
NORTH AMERICA, LLC'S MOTION (ECF No. 36) TO STRIKE
PLAINTIFF'S REPLY (ECF No. 34) RELATED TO PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT (ECF No. 21) AND
STRIKE THE USE OF EVIDENCE OR OPINIONS OBTAINED AFTER
THE CLOSE OF DISCOVERY**

A.    **Background**

      On December 4, 2020, James A. Ketai filed this lawsuit in state court.  Case

No. 2020-184984-NZ (Oakland County Circuit Court), and it was subsequently

removed here.  This matter stems from Plaintiff's lease of a new vehicle, and his

causes of action include:  (I) breach of express warranties; (II) breach of implied

warranty of merchantability; (III) revocation of acceptance pursuant to Mich.

Comp. Laws § 440.2967 and/or damages pursuant to Mich. Comp. Laws §

440.2714(2); (IV) liability under Magnuson-Moss Warranty Act (15 U.S.C. §§ 2301, *et seq*.); (V) violation of Michigan Lemon Law as to Defendant Manufacturer (Mich. Comp. Laws §§ 257.1401, *et seq*.); (VI) violation of the Michigan Consumer Protection Act (Mich. Comp. Laws §§ 445.901, *et seq*.); (VII) violation of Mich. Comp. Laws § 440.2313b (extension of express warranty); and, (VIII) violation of the Motor Vehicle Service and Repair Act as to Dealer Defendants (Mich. Comp. Laws §§ 257.1301, *et seq*.).  (ECF No. 1, PageID.8-26.)

## B.    Discovery

Pursuant to the April 14, 2021 scheduling order, entered by Judge Arthur Tarnow of happy memory, all discovery was to be completed by August 16, 2021, and the Court "[would] order no discovery to take place after that date."  (ECF No. 9, PageID.54.)  The scheduling order did not address expert disclosures, reports or separate expert-related deadlines.  On the same date that the scheduling order was entered, the parties filed their witness lists.  (ECF Nos. 10, 12.)  Of particular import to the matter before the Court is JLRNA's inclusion of Michael Solt (ECF No. 10, PageID.61 ¶ 6) and Plaintiff's inclusion of Anthony Zolinski (ECF No. 12, PageID.67 ¶ 5), each of whom was designated as an expert.

On September 7, 2021, I entered a stipulated order resolving Defendant JLRNA's motion to compel production, which, in pertinent part, provided: "Defendant shall be permitted to inspect Plaintiff's 2020 Land Rover Range Rover,

VIN SALGS2SE7LA568055 on September 23, 2021 despite this date being after the close of Discovery[.]"  (ECF No. 20, PageID.336.)  Seemingly by oversight, the stipulation did not specify that Plaintiff's expert's inspection (of Plaintiff's own vehicle) would take place the same day (ECF No. 20), and, as discussed below, the inspection did not take place until October 21, 2021 (ECF No. 25).

## C.    Pending Dispositive Motion

On September 16, 2021, Plaintiff filed a motion for summary judgment as to Counts I, III, IV, V and VI (ECF No. 21), which he followed with a separate filing of exhibits (ECF Nos. 22 [Exhibits A-I], ECF No. 24 [Sub-Exhibits 3 & 4]).  When Plaintiff filed these exhibits, he also filed an *ex parte* motion for leave to file video exhibits – videos associated with his declaration (ECF No. 22-9 [Exhibit I]) – in traditional manner (ECF No. 23), which Judge Tarnow granted on September 29, 2021 by way of a text-only order.

Defendant's expert, Michael Solt, inspected the vehicle on October 21, 2021.  (ECF No. 30, PageID.500, 506.)  JLRNA filed a response on November 4, 2021 (ECF No. 30), among the attachments to which was Solt's declaration, which, *inter alia*, opines that "[a]ny claimed drifting/pulling is being caused by the road, not a defect in the vehicle."  (ECF No. 30-3, PageID.532 ¶ 14.)  At oral argument, Defendant confirmed that the Solt declaration was the first time Plaintiff would have been made aware of this expert's opinion, *i.e.*, Solt's declaration

served as his expert report.  It is clear, however, that neither side was caught off-guard by the opposing expert's ultimate conclusion.  As was entirely predictable from the opposing pleadings, Plaintiff's expert concluded that there is a defect in the vehicle, and Defendant's expert found that there is not.  This is not exactly a surprise to anyone.

**D.    Plaintiff's Dispositive Motion Reply**

On November 15, 2021, counsel for the parties exchanged emails with each other and the Court regarding the filing of videos in traditional manner, including a video dated October 21, 2021.  (ECF No. 36-4.)  On the day of this email exchange, Plaintiff filed an *ex parte* motion for leave to file a video exhibit in traditional matter (ECF No. 32), regarding which JLRNA filed a response (ECF No. 33).

From November 17 through November 19, 2021, Plaintiff filed:  (a) a dispositive motion reply (ECF No. 34), attached to which are the November 12, 2021 declaration of automotive service technician Anthony Zolinski, who mentions driving the vehicle on October 21, 2021 and suggests *a defect in the vehicle's chassis* (ECF No. 34-1, PageID.630-632 ¶¶ 5, 10, 12), and JLRNA tech asst documents (ECF No. 34-2); (b) a reply to the tradition exhibit motion (ECF No. 35); and, (c) the USB drives in the traditional manner.  (ECF No. 37.)  Once

the case was reassigned to Judge Murphy, he granted the motion for leave to file

the video exhibit in the traditional manner.  (ECF No. 42.)

**E.**   **Instant Motion**

Meanwhile, JLRNA filed the matter currently before the Court – a

November 24, 2021 motion (ECF No. 36), which requests that the Court:  (1) strike

Plaintiff's reply (ECF No. 34) "to the extent it relies upon any evidence improperly

obtained from Plaintiff's expert[,]" *i.e.*, Anthony Zolinski; (2) prohibit Plaintiff's

expert "from providing any evidence or opinions not properly disclosed during the

discovery period[;]" and, (3) "award all costs and fees associated with this

Motion."  (ECF No. 36, PageID.656.)  Plaintiff has filed a response (ECF No. 38),

and Defendant JLRNA has filed a reply (ECF No. 39) and a statement of

unresolved issues (ECF No. 44).

Judge Murphy referred the motion to me for a hearing and determination.

(ECF No. 42.)  On April 15, 2022, the Court held a remote video hearing, at which

Attorney Susan Maentz Martin appeared on Plaintiff's behalf and Edmund S. Yee

appeared for Defendant JLRNA, and the Court entertained oral argument regarding

the motion.  (ECF No. 43.)

**F.**   **Order**

Upon consideration of the motion papers and oral argument, and for all the

reasons stated on the record by the Court, <u>which are hereby incorporated by</u>

<u>reference as though fully restated herein</u>, including but not limited to the direction that the Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding[,]" Fed. R. Civ. P. 1, Defendant JLRNA's motion (ECF No. 36) is **DENIED IN PART** as follows:

- As to Fed. R. Civ. P. 26(e) ("Supplementing Disclosures and Responses."), the inspection occurred on October 21, 2021, JLRNA revealed its expert by declaration (ECF No. 30-3) on November 4, 2021, and Plaintiff revealed its expert by declaration (ECF No. 34-1) on November 17, 2021.  The timing of the latter disclosure is not problematic under Fed. R. Civ. P. 26(e)(1)(A).  Still, Plaintiff has duty to supplement its discovery responses (ECF Nos. 36-2, PageID.669-670 and 36-3, PageID.673), and he must do so by **May 6, 2022**.

- Under Fed. R. Civ. P. 37(c)(1) ("Failure to Disclose or Supplement."), the failure of Plaintiff's expert to conduct the inspection at an earlier time was substantially justified, because the parties were trying to work out the appropriate protocol for Defendant's inspection, which, in turn, held up Plaintiff's inspection.  It was merely an oversight that the stipulation (ECF No. 20) did not specify that Plaintiff's inspection would – sensibly – occur on the same day, so as to provide a snapshot of the car's condition at a fixed point in time.

As made clear at the hearing, neither side feels that Plaintiff's expert's declaration changes the outcome of the pending dispositive motion.  Nonetheless, while there is no surprise to the Defendant by the *filing* of Plaintiff's expert's declaration, the offered *reason* for the defect – the chassis – was not expected, and it is not clear whether this will be material.  If Defendant had been aware of

Plaintiff's expert's proffered cause, JLRNA's expert at the time of his inspection

may well have investigated that issue; then again, since the defense expert has

concluded that the car does *not* pull/drift abnormally or suffer from a defect, he

may not have felt it necessary to inspect the chassis or otherwise consider

Plaintiff's theory of causation.  Defense counsel was unable to say whether Solt

would have conducted his inspection any differently if he had been made aware of

Zolinski's opinion beforehand.  Moreover, what *caused* the substandard vehicular

performance or defect may not necessarily be material to Plaintiff's Lemon Law

claim, which seems to be the crux of this case, even though the cause of the alleged

defect may be of interest to the trier of fact.  The Court thus concludes that the

prejudice claimed in Defendant's motion is debatable and easily cured.  Therefore,

taking into account:

- that Defendant responded to the motion for summary judgment without knowing that Zolinski had even performed an inspection;

- that Solt concluded his inspection without knowing that Zolinski pinned the defect on the chassis;

- Plaintiff's oversight in not clarifying the issue of when Zolinski would inspect the vehicle in relation to the discovery deadline;

- the absence of information in Plaintiff's prior discovery responses;

- the questionable or at least debatable import of Zolinski's causation opinion; and,

- the fact that neither side believes that the outcome of the summary judgment motion will be changed by Zolinski's opinion, as verified at oral argument;

Plaintiff **SHALL** pay half of the travel cost – airfare, hotel, and rental car – of Defendant's expert for his October 21, 2021 inspection.[1]  Plaintiff **SHALL** provide such payment within **two weeks** of JLRNA providing supporting documentation.

In light of these considerations, any prejudice to Defendant going forward will be addressed by permitting additional expert discovery as follows:  First, JLRNA *may* re-inspect the vehicle, following the previously established protocols (ECF No. 20), but it will do so at its own expense.  If Defendant JLRNA does re-inspect the subject vehicle, it may wait until after Plaintiff's currently pending motion for summary judgment is decided, or it may choose to do so beforehand, in which case Plaintiff shall cooperate in making that happen in a timely fashion.  Second, because "[a] lawsuit is a search for the truth[,]" *Vance v. Rice*, 524 F. Supp. 1297, 1300 (S.D. Iowa 1981), the parties must make the disclosures required by Fed. R. Civ. P. 26(a)(2) ("Disclosure of Expert Testimony.") within ninety (90) days of trial, as set forth in Rule 26(a)(2)(D) ("Time to Disclose Expert Testimony.").  In doing so, the parties may incorporate their experts' aforementioned declarations, in addition to the rule's other requirements.  Third,

---

[1] Defense counsel explained at the hearing that his expert works in-house for Jaguar, and so does not bill for his services, although Jaguar did incur the travel expenses listed above.

the parties may take each other's expert's depositions up to thirty (30) days before trial.  Subject to these directives, the motion to strike is **DENIED** in all other respects.

      **IT IS SO ORDERED.**[2]

Dated:  April 18, 2022

                                      _____
                                      Anthony P. Patti
                                      UNITED STATES MAGISTRATE JUDGE

---

[2] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).